NELLIE P. STILES *vs.* ARTHUR COUNTERMASH.

MALTBIE, C. J.; HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 7th—decided March 6th, 1934.

*Charles A. Watrous* and *Morris Tyler,* for the appellant (defendant).

*Harrison D. Schofield,* with whom, on the brief, was *David R. Woodhouse,* for the appellee (plaintiff).

PER CURIAM. The plaintiff recovered a judgment for damages due to a collision between an automobile which she owned and in which she was riding and one driven by the defendant, at the intersection of Swayne and Miller Avenues in Meriden. The defendant has appealed from the denial of his motion to set the verdict aside, claiming that the driver of the plaintiff's car, whose negligence, it is not disputed, would be imputable to her, was guilty of contributory negligence as matter of law.

The plaintiff's car was proceeding southerly upon Swayne Avenue and the defendant's car westerly on Miller Avenue, so that the former had the right of way if the two were approaching the intersection at approximately the same time. There was an open field at the intersection to the plaintiff's left and the defendant's right, so that the driver of each car could without difficulty see the other car approaching for some one hundred and fifty to two hundred feet before it reached the intersection. There was credible evidence that the driver of the plaintiff's car looked to his left when some four hundred or five hundred feet from the intersection and thereafter until he was within one hundred feet of it but saw no car approaching; that he then looked to his right and did not look again to his left until he was at or within the intersection, when he saw the defendant's car close upon him; that the highway to his right was much lower and required great care to see if any car was approaching from that direction; and that he was proceeding at a speed of

about fifteen miles an hour over a rutty road. The fact that the open field to the right of the defendant gave the driver of any car approaching the intersection from the east full opportunity to see any automobile approaching the intersection from the north, makes the situation one where the driver of the plaintiff's car might to an unusual extent rely upon the yielding of the right of way to him by any car approaching from that direction, while his looking to his right for about a hundred feet before reaching the intersection might be found to be reasonably justified, in view of the fact that he had seen no car approaching from his left and that the conditions to his right imposed upon him the need of special care to avoid any car approaching from that direction. The trial court was correct in refusing to set the verdict aside upon the ground that the driver of the plaintiff's car was guilty of contributory negligence as a matter of law.

There is no error.